UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION,                         )    No. C10-1562RSL
                                    )
            Plaintiff,              )
      v.                            )    ORDER GRANTING SECOND
                                    )    MOTION TO COMPEL
FRY'S ELECTRONICS, INC.,            )    ARBITRATION
                                    )
            Defendant.              )
_____ )

This matter comes before the Court on "Defendant Fry's Electronics Inc.'s Second Motion to Compel Arbitration." (Dkt. # 103). Having considered the arguments made by the parties and reviewed all pleadings and evidence in support of and in opposition to the motion,[1] the Court finds as follows:

Plaintiff Ka Lam previously represented to the Court that he would submit his

---

[1] The Court has not considered the letters from counsel, dated February 7, 2012, and February 15, 2012. Mr. Blankenship's efforts to communicate with the Court regarding pending motions outside the normal briefing process is improper. Counsel could have and should have presented whatever "procedural issues" are bothering him in response to defendant's motion to compel arbitration or, if necessary, in a separate motion. Requests for Court action shall be made by motion, not through phone calls or correspondence. The "telephonic motions" discussed in Local Civil Rule 7(i) will be considered only when the parties have reached an impasse at a deposition and need an immediate resolution to a discrete and concrete issue. The parties are, of course, free to contact my judicial assistant regarding scheduling matters, but informal communications with the law clerk or the Court are to be avoided.

ORDER GRANTING SECOND MOTION
TO COMPEL ARBITRATION

individual claims to arbitration. Plaintiff America Rios has never seriously contested her obligation to arbitrate. Given the Court's prior rulings regarding the enforceability of the arbitration agreement, plaintiffs' willingness to proceed to arbitration despite their lingering objections is not only sensible, but expected.

Although the parties agreed to arbitrate plaintiffs' individual claims, they could not agree on the language of the stipulation. Both sides proposed terms and conditions that favored their respective positions. Once the parties agreed on an arbitrator, however, defendant withdrew its prior proposals in favor of the form "Stipulation for Arbitration and Selection of Arbitrator" used by the Honorable Terry Lukens (ret.) at JAMS. Plaintiffs refused to sign the third-party form as-is, instead insisting on additional language regarding the legal impact of the arbitration on the above-captioned litigation. Having already agreed to forego a jury trial and submit this dispute to arbitration, plaintiffs are in no position to demand additional provisions or safeguards that are not compelled by the arbitration agreements they signed. The legal effect of the arbitration on the above-captioned lawsuit will be decided by this Court, not by stipulation of the parties.

Defendant's motion to compel arbitration is GRANTED. The parties are hereby ORDERED to proceed to arbitration as soon as possible but no later than the last week of April 2012. The arbitrator will decide whether the claims of the two plaintiffs should be arbitrated together or separately.

Dated this 16th day of February, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge