UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
EQUAL EMPLOYMENT OPPORTUNITY        )
COMMISSION,                         )   No. C10-1562RSL
                                    )
                Plaintiff,          )
                                    )
        v.                          )   ORDER GRANTING IN PART
                                    )   DEFENDANT'S MOTION TO
FRY'S ELECTRONICS, INC.,            )   COMPEL
                                    )
                Defendant.          )
_____)

This matter comes before the Court on Fry's Electronics, Inc.'s "Motion to Compel Depositions of EEOC Investigators." Dkt. # 105. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Defendant did not issue a notice of deposition regarding Matthew Clemen or Frances Palmer or otherwise indicate that it wanted to depose these individuals until it filed this motion. Not surprisingly, the parties did not meet and confer regarding the information defendant hoped to obtain from these individuals or any accommodation that could be provided by the EEOC. Having failed to satisfy the requirements of Fed. R. Civ. P. 37(a)(1) and LR 37(a)(1)(a) with regards to Mr. Clemen and Ms. Palmer, the motion to compel their depositions is DENIED.

(2) This case will be tried *de novo* to the jury. The primary issues will be whether Ms. Rios was sexually harassed and whether Fry's retaliated against Mr. Lam and Ms. Rios when

they complained about the harassment.  The jury will be asked to decide these issues based on admissible evidence.

Defendant argues that it must be permitted to depose the EEOC investigator, William Bennett, to clarify ambiguities in the interview summaries he created and to resolve conflicts between the summaries and the deposition testimony of Mr. Lam, Ms. Rios, Kathy Kolder, and Arthur Squires.  Whether the interview summaries related to these four individuals will be admissible at trial is unclear.  Assuming one or more of the interview summaries is admissible, defendant should have an opportunity to question Mr. Bennett regarding (a) the meaning of any unclear or ambiguous entries, (b) his independent recollection, if any, of certain statements being made during the interviews, and (c) the process that led to the creation of the summary in order to confirm or disprove its accuracy.  See EEOC v. Cal. Psychiatric Transitions, 258 F.R.D. 391, 397-98 (E.D. Cal. 2009) (allowing deposition of EEOC investigator in order "to clarify ambiguities related to the factual aspects of the material" and to resolve disputes regarding whether particular statements were accurately recorded).

(3)  Defendant has expressly disavowed any interest in the investigator's subjective opinions or credibility determinations, the scope or adequacy of the overall investigation, or the deliberative process that led to the filing of this lawsuit.  Evidence regarding these topics would be irrelevant and/or would impinge on the deliberative process or attorney/client privileges.  See Id.  Defense counsel shall, therefore, limit the questioning to the topics listed in paragraph (2).

(4) Given the limited and rather perfunctory topics on which Mr. Bennett can be questioned and the EEOC's legitimate concerns regarding time away from investigative duties, Mr. Bennett's deposition will be limited to one hour at a mutually convenient time and place.

For all of the foregoing reasons, defendant's motion to compel the depositions of three EEOC investigators is GRANTED in part.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Dated this 21st day of February, 2012.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL         -3-