1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
EQUAL EMPLOYMENT OPPORTUNITY           )
COMMISSION,                                                 )          No. C10-1562RSL
                                                                    )
                              Plaintiff,                        )
                                                                    )
              v.                                                   )          ORDER GRANTING IN PART
                                                                    )          PLAINTIFFS' MOTION FOR
FRY'S ELECTRONICS, INC.,                           )          SANCTIONS
                                                                    )
                              Defendant.                    )
_____)

This matter comes before the Court on "Plaintiffs' Motion for Sanctions for

Defendant's Willful Spoliation of Evidence and Failure to Appear for Deposition" (Dkt. # 142),

"Plaintiffs' Motion for Extension of Time to File Supplemental Declarations" (Dkt. # 166),

plaintiffs' "Motion to Seal Exhibits II-NN to the Second Supplemental Declaration of Scott C.G.

Blankenship" (Dkt. # 165), and plaintiffs' "Motion to Seal Exhibits E-F to the Declaration of

Scott C.G. Blankenship in Support of Plaintiffs' Reply" (Dkt. # 178).  Having reviewed the

memoranda, declarations, and exhibits submitted by the parties,[1] and having heard the arguments

_____

[1] Defendant's sur-reply (Dkt. # 160) has been disregarded.  Although some of the statements
identified in the motion are appropriately characterized as misrepresentations of fact, most of them are
plausible, though entirely one-sided, interpretations of the evidence.  While the Court disapproves of
statements that stretch the truth, especially when offered by officers of the court, both sides have
exhibited a disturbing willingness to make assertions that are only loosely based on the testimony or
documents produced in this litigation.  The Court understands that this not the first time counsel have

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS

of counsel, the Court finds as follows:

(1)  In December 2011, plaintiffs served discovery requests seeking, among other things, (a) the identification and location of "all computers or other devices on which documents and communications regarding Plaintiff's discipline, termination, or complaints of harassment or discrimination or retaliation were created or stored," (b) the identification of all employees selected for "A Teams" from 2003 to the present, and (c) production of Merchandise Operations Personnel Audit Reviews ("MOPARs") performed at the Renton store while Arturo Squires was manager.  Plaintiff filed a timely motion to compel responses, which was granted in part.  Based on defendant's responses to written discovery and the testimony of its witnesses, plaintiffs came to the conclusion that at least some of the information sought had been destroyed by defendant. This motion for sanctions followed.  Although defendant argues that the motion is actually a discovery motion that should have been filed before the discovery cutoff, plaintiffs request that the Court determine whether defendant wilfully destroyed relevant evidence in a way that undermines the integrity of this proceeding and, if so, the appropriate remedy therefore.  Except as noted below, plaintiff is not seeking to compel additional discovery:  rather, plaintiff seeks a dispositive sanction for litigation misconduct.  Plaintiffs' motion for sanctions is timely.

(2)  While the Court generally disapproves of Mr. Blankenship's practice of raising arguments and/or presenting evidence piecemeal, the prompt presentation of this motion for sanctions coincided with the supplemental production ordered by the Court on February 16, 2012.  Because additional documents relevant to the pending motion were provided in the supplemental production, plaintiffs' motion for leave to file additional declarations in support of

squared off against each other, but it expects counsel to assist, rather than hinder, the search for truth that is the purpose of these proceedings.  Failure to do so in the future may result in sanctions.  For purposes of this motion, the parties can rest assured that the Court has discounted much of counsel's hyperbolic and/or overzealous statements and has considered the facts only as they are revealed by the underlying evidence.

    That having been said, the Court appreciates counsels' recent willingness to work together to bring additional information before the Court in a timely manner.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -2-

the motion for sanctions is GRANTED.

(3)  Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." <u>Kearney v. Foley & Lardner, LLP</u>, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted).   Pursuant to its inherent powers to control the litigation before it, the district court may levy sanctions, including the entry of judgment, for spoliation of evidence.  <u>U.S. v. $40,955.00 in U.S. Currency</u>, 554 F.3d 752, 758 (9th Cir. 2009).  Sanctions for spoliation are appropriate only if the party had notice that the evidence is potentially relevant to a claim.  <u>Leon v. IDX Syss. Corp.</u>, 464 F.3d 951, 958 (9th Cir. 2006).  Thus, the duty to preserve evidence is triggered when a party knows or reasonably should know that the evidence may be relevant to pending or future litigation.

Plaintiff Ka Lam engaged in protected activity and was fired a few weeks after his store manager learned of the complaint.  Assuming, for purposes of this motion, that the temporal relationship between these two events did not provide sufficient notice of a potential retaliation claim, notice was certainly provided when Mr. Lam responded to his suspension notice with reference to the Equal Employment Opportunity Commission ("EEOC").  Defendant is a sophisticated corporate employer:  the mention of the EEOC in this context put it on notice that a charge might be filed.  Thus, the duty to preserve potentially relevant documents was triggered as of May 24, 2007.[2]

(4)  When describing the loss or absence of documents, defendant provides very few details regarding its document retention policies or when/where/how/by whom a particular piece of evidence was destroyed.  It is undisputed, however, that defendant failed to preserve MOPARS and sales/projection numbers for the department Mr. Lam supervised and in which

---

[2]  The duty would encompass documents and evidence that are relevant to Mr. Lam's retaliation claim.  Because Mr. Lam has the burden of proving that he engaged in protected activity and that the activity was causally connected to his termination, evidence regarding his objections to the sexual harassment of Ms. Rios and any investigation of that complaint should have been preserved.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -3-

Ms. Rios worked even after the EEOC had requested such information. Dkt. # 151 at 8 and 11. Defendant argues that it had no reason to believe these documents were relevant to the potential claim because Mr. Lam was terminated for reasons other than his individual sales performance or that of his department. At the time of his termination, however, Mr. Lam was told that he was being fired for "a decrease in Mr. Lam's overall productivity and performance as a Sales Supervisor." Dkt. # 143, Ex. A. In response to the EEOC's investigation, defendant argued that:

> To evaluate a supervisor's sales performance, it is mandatory to consider the sales of the entire department for which he is responsible. As the only Audio Sales supervisor in Fry's Renton store, Mr. Lam was directly responsible for the overall sales performance of all Audio Sales. To the extent the sales performance of the Audio Sales Department is relevant [which defendant contested], for the period starting January 1, 2007 up to and including Mr. Lam's termination, the Department averaged 83.93% of its sales projection. For the period following Mr. Lam's departure from June 2007 through January 2008, the Department's sales performance improved dramatically, averaging 100.34% of its sales projection. Thus, the sales numbers demonstrate that Audio Sales improved by approximately 20% in the months following Mr. Lam's termination, supporting the position that the Audio Department had significant room for sales improvement while under Mr. Lam's supervision.

Dkt. # 143, Ex. H at 3-4. Although defendant argues that this justification was an error and that it never meant to suggest that Mr. Lam's sales or supervisory performance was lacking, Mr. Lam is entitled to discovery regarding the validity of a proffered justification for the adverse employment action. Documents and sales data that may help him show that his overall productivity and performance as a sales supervisor was on par with other supervisors and/or did not decrease are clearly relevant. Such evidence would allow him to argue that one of the justifications defendant provided for his termination was a smokescreen. If the jury found pretext, it would be entitled to infer a hidden retaliatory motive. Defendant would, of course, be entitled to argue that the reference to sales performance was an error or that its statements at the time of termination meant something other than that Mr. Lam had failed to coax sufficient sales from his associates, but it would be up to the jury to decide whether the justification was simply

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -4-

inartful or was pretextual.  By destroying relevant evidence that had been sought by the EEOC and on which defendant relied for its own purposes, defendant has put these arguments out of plaintiffs' reach.

Plaintiffs also argue that the decision to scrap two computer hard drives in 2009 constitutes willful spoliation.  The computers were located in the office of the Renton store where plaintiffs were employed.  Defendant offers no justification or explanation for their destruction.  There is no evidence that they were replaced on a planned schedule or as part of a company-wide upgrade.  Rather, the hard drives on which documents and communications regarding plaintiffs' discipline, termination, and/or complaints of harassment, discrimination, or retaliation were simply rendered unavailable.  Defendant argues that their destruction was irrelevant because they did not contain any unique information:  all personnel-related documents were printed out and sent to defendant's corporate offices in San Jose for retention and were not saved on the two computers.  Thus, defendants argue, plaintiffs have no evidence that the hard drives contained any relevant information that was not separately preserved.

This is not, however, a case in which defendant mirrored or otherwise transferred the contents of a hard drive to another medium for preservation.  The evidence shows only that the office computers were used to create documents, which, if they were considered personnel documents, were transferred to San Jose.  Defendant has not shown that drafts of documents (including personnel documents), notes, informal communications, investigative documents, or documents related to issues that were handled at the local level were sent to corporate headquarters.  Nor has defendant shown that all documents sent to San Jose were preserved.  In light of defendant's failure to retain relevant sales performance documents and the MOPARs after their relevance should have been apparent, its spontaneous destruction of the computers located in the Renton store is suspicious.  Having unilaterally caused the loss of information that was potentially relevant to the claims of both Mr. Lam and Ms. Rios, defendant is not entitled to a presumption that the documents on the hard drives were irrelevant or that all relevant

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                -5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

documents were saved in another format.  <u>See</u> <u>Leon</u>, 464 F.3d at 959 (where "'the relevance of . . . [destroyed] documents cannot be clearly ascertained because the documents no longer exist,' a party 'can hardly assert a presumption of irrelevance as to the destroyed documents.'" (quoting <u>Alexander v. Nat'l Farmers Org.</u>, 687 F.2d 1173, 1205 (8th Cir. 1982)).

Plaintiffs have not adequately supported their other allegations of spoliation, namely those related to the A-Team lists, individual performance reviews, text messages, or investigative documents.  After months of denying the continued existence of A-team lists, defendant finally conducted the full and complete search ordered by the Court in February 2012 and located a number of responsive documents.  The Court cannot, however, conclude that defendant should have known these lists would be of interest to plaintiffs until they were requested in discovery, and there is no evidence that responsive documents were destroyed after that date (<i>i.e.</i>, December 2011).  Nor is there evidence that individual performance reviews or additional investigative documents ever existed.  While plaintiffs are free to argue that, had defendant taken Mr. Lam's complaint about Ms. Rios' situation seriously, there would have been additional documents generated and/or that defendant's destruction of the computer hard drives suggests that it has something to hide, there is simply not enough evidence to show that the documents were, in fact, created and then destroyed.  Finally, the Court declines to place on defendant the sole burden of preserving text messages that were equally available to both parties.

(5)  Defendant has effectively precluded plaintiffs from testing defendant's claims regarding Mr. Lam's performance as a sales supervisor and has made unavailable original sources of documents with the unconvincing promise that all relevant materials were saved elsewhere.  Overall, the Court is left with the distinct impression that the defendant has gained an unfair advantage through the destruction of evidence it knew or should have known was relevant to Mr. Lam's claims.  At this juncture, it appears that defendant seeks to disavow one of its stated justifications for the termination without having to deal with the adverse inferences that could be drawn if plaintiffs were able to prove pretext.  It has also wilfully destroyed hard drives

on which relevant documents were admittedly created without making any effort to mirror or otherwise preserve the data for plaintiffs' review.  Sanctions are therefore appropriate.[3]

The real issue here is identifying which sanction will best achieve a just resolution of this matter.  Plaintiff requests that the Court strike defendant's answer and limit the trial to the issue of damages.  Before granting dispositive relief as a sanction, the Court should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Leon, 464 F.3d at 958.  The first and second factors are not particularly important here.  Whether this case goes to trial regarding liability and damages or only damages will not have a significant impact on the trial date or the Court's docket.  The third factor favors plaintiffs (there is a risk of prejudice) while the fourth factor favors defendant (striking the answer will preclude the jury from considering issues of intent that are clearly in dispute).  The availability of a less drastic sanction suggests that dispositive relief is not appropriate.

Although it is a very close call, the Court finds that terminating sanctions are too extreme in this case.  Defendant's spoliation goes primarily to the issue of pretext, rather than liability.  "A district court's adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence."  In re Oracle Corp. Securities Litig., 627 F.3d 376, 386-87 (9th Cir. 2010).  In order to ameliorate the risk of prejudice caused by the destruction of the sales performance data and MOPARs, the Court will direct the jury to draw an adverse inference against defendant

---

[3]  Plaintiffs have not shown that the loss of sales performance data regarding Ms. Rios will impede her ability to try any issue that is in genuine dispute.  Ms. Rios acknowledged that her sales performance had decreased in the months prior to her termination and has asserted only a claim for sexual harassment.  Because Ms. Rios has not challenged the validity of her termination, she has no need of the now-lost sales data.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -7-

regarding the validity of its sales-related justification for Mr. Lam's termination.[4]  In an effort to lessen the potentially adverse effects of the destruction of the Renton store hard drives on both Mr. Lam and Ms. Rios, the Court will allow plaintiffs considerable leeway in arguing what information might have been gleaned from those hard drivers, inferences that could be drawn from the absence of particular documents, and defendant's motive in destroying them.

As Mr. Blankenship put it at oral argument, the situation with which plaintiffs (and the Court) have been presented "stinks.  It's that bad."  The Court is concerned that the defendant's repeated destruction of potentially relevant evidence was not merely knowing, but was part of a systematic effort to make it difficult for plaintiffs to prove their claims and/or to destroy evidence that was adverse to defendant.  If, as we progress through the trial of this matter, it appears that additional information has been "lost" and/or that the prejudice caused by the spoliation cannot be undone, the Court may reconsider this order to provide more robust relief to plaintiffs.

(6)  The dispute regarding the two depositions that were noted at the very end of the discovery period does not reflect well on either counsel.  While plaintiffs were within their rights to seek information regarding document retention policies and corporate procedures (the importance of which only lately came to light), the attempt to take an apex deposition on the flimsy theory defendant's founder and president might have some relevant information because he accepts comment cards from employees is completely unjustified (and too late to be the subject of a motion to compel).  Defendant's unilateral decision to skip both the apex deposition and the Rule 30(b)(6) deposition without moving for a protective order was also inappropriate.

(7)  Defendant has shown good cause for sealing the personnel records of employees who are not parties to this litigation.

---

[4]  Because plaintiffs have not shown that Ms. Rios' sexual harassment claim has been impacted by the loss of sales performance data, neither a finding of liability nor an adverse inference regarding her claim is necessary to protect the integrity of the judicial process.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -8-

(8)  The Court will issue an amended case management order in keeping with the parties' February 27, 2012, stipulation.

For all of the foregoing reasons, plaintiffs' motion for sanctions (Dkt. # 142) is GRANTED in part.  The jury will be instructed that defendant's sales performance-related justification for the termination of Mr. Lam was unfounded and pretextual.  The Court will also allow plaintiffs considerable leeway in arguing what information might have been gleaned from the computer hard drivers that were destroyed.   Plaintiffs' motion to file Exhibits II-NN under seal (Dkt. # 165), their motion for leave to file supplemental declarations (Dkt. # 166), and their motion to file Exhibits E-F under seal (Dkt. # 178) are GRANTED.

Dated this 10th day of May, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR SANCTIONS                    -9-