```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                              No. C10-1562RSL

               Plaintiff,

        v.                               ORDER TO SHOW CAUSE

FRY'S ELECTRONICS, INC.,

               Defendant.

On May 10, 2012, the Court granted in part plaintiff's motion for sanctions in the above-captioned matter. Although the Court found that defendant had spoliated evidence, it believed that the prejudicial effect of the spoliation could be counteracted by (a) instructing the jury that one of the justifications for firing plaintiff Lam was pretextual and (b) allowing plaintiff considerable leeway in arguing what information might have been gleaned from the computer hard drivers that defendant destroyed.

It has now come to the Court's attention that defendant withheld from discovery information regarding prior allegations of sexual harassment leveled against Minasse Ibrahim and the investigation of those allegations. The Court has already supplemented the record to ensure that these late-disclosed documents are considered in the context of the pending dispositive motion. Nevertheless, this separate order is necessary because defendant's response to plaintiff's motion to supplement (Dkt. # 210) reveals the very real possibility that the truth-

ORDER TO SHOW CAUSE

finding mission of this tribunal has been compromised.

        Defendant appears to believe that its abject failure to comply with its discovery obligations was not only warranted, but somehow praiseworthy. It could not be more wrong. Defendant had in its possession documents and information that were responsive to plaintiff's discovery requests, clearly relevant to plaintiff's claims, and not subject to any privilege. There was no legitimate basis for objecting or dissembling. Rather than turn over the requested information, defendant raised privacy concerns and reasonable-sounding objections to the scope of the inquiry in a bid to narrow the request and hide the problematic documents in its files. It apparently worked. The EEOC, having no knowledge of the 2001 sexual harassment complaint and not suspecting that opposing counsel would affirmatively try to gain an unfair and unwarranted advantage, fell for the ruse: it did not seek to compel full and complete responses to the requests for production. Discovery is not, however, a game where the parties get to hide relevant evidence by being tricky or by making it so difficult to obtain the requested information that the requesting party gives up. The responsive, relevant, unprivileged sexual harassment documents should have been turned over without objection or delay. Counsel for the defendant justify their acts as "principled resistance to discovery [–] to be expected in hard-fought cases." Dkt. # 210 at 2. Defendant's conduct was far from principled in this instance, and the Court finds this conduct to be a violation of Local General Rule 3(d).

        The destruction of sales performance data, MOPARS, and computer hard drives, the belated discovery of A Team information only after the Court ordered a second search, and the efforts taken to conceal the 2001 sexual harassment complaint leave the Court with the distinct impression that defendant's willful and damaging actions have interfered with plaintiff's attempts to prove its claims. To make matters worse, the Court has no way of knowing whether the EEOC and Mr. Blankenship have been able to ferret out every instance of defendant's recalcitrance and/or spoliation, and the Court has lost confidence in defense counsel's ability or

ORDER TO SHOW CAUSE                      -2-

willingness to act forthrightly in this matter.[1]

For all of the foregoing reasons, defendant shall appear before the undersigned in Courtroom 15106 on June 20, 2012, at 11:00 a.m. and show cause why sanctions, including dispositive findings, should not be entered against it.

Dated this 13th day of June, 2012.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

---

[1] The urgent presentation of hundreds of pages of phone records with the argument that they were "relevant to the EEOC and Ms. Rios's allegations that 'countless' offensive text messages from Minasse Ibrahim constituted severe or pervasive sexual harassment" is the latest example of a disturbing lack of candor on counsel's part. The phone records are for the period October 7, 2007, to March 31, 2008, at least five months after Ms. Rios complained to her supervisors and Mr. Lam was fired. Counsel's relevance argument verges on the ridiculous: evidence showing that Mr. Ibrahim did not text Ms. Rios months after he knew that he was under investigation tells us nothing about his conduct in 2006 and early 2007.

ORDER TO SHOW CAUSE                     -3-