

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                                                )          No. C10-1562RSL
                                                              )
                            Plaintiff,                      )
                                                              )
            v.                                                 )          ORDER IMPOSING SANCTIONS
                                                              )          FOR DISCOVERY ABUSES AND
FRY'S ELECTRONICS, INC.,                          )          STAYING CASE
                                                              )
                            Defendant.                  )
_____)

            On May 10, 2012, the Court granted in part plaintiffs' motion for sanctions in the

above-captioned matter.  The Court found that defendant had spoliated evidence, including sales

performance data, MOPARS, and computer hard drives from the Renton store at which plaintiffs

Lam and Rios had worked.  At the time, the Court believed that the prejudicial effect of the

spoliation could be counteracted by (a) instructing the jury that one of the justifications for firing

Mr. Lam was pretextual and (b) allowing plaintiff considerable leeway in arguing what

information might have been gleaned from the computer hard drives had they not been destroyed

by defendant.  The Court also indicated some concern regarding the efficacy and thoroughness

of defendant's searches:  A Team information requested by plaintiffs was located only after the

Court ordered a second search.  Finally, the Court noted that there was a lack of evidence to

support plaintiffs' assertion that certain types of investigative documents regarding Ms. Rios'

ORDER IMPOSING SANCTIONS
AND STAYING CASE

sexual harassment complaint had been created and then destroyed.

During a Rule 30(b)(6) deposition held on May 30, 2012, plaintiffs learned for the first time that Minasse Ibrahim had been accused of sexual harassment in 2001 and that an investigation had been conducted.  Defendant intentionally withheld this information and the related documents from discovery by raising unfounded objections and "negotiating" a narrowing of the discovery requests.  For all of the reasons stated in its Order to Show Cause (Dkt. # 217), the Court finds that defendant's conduct in this respect was unfair, unwarranted, unprincipled, and unacceptable.  The responsive, relevant, unprivileged sexual harassment documents should have been turned over without objection or delay.  The failure to do so until after defendant's summary judgment motion was fully briefed and shortly before arbitration began prejudiced plaintiffs.  Not only did they incur significant costs to bring the newly-revealed information to the attention of both tribunals, but their preparatory efforts were necessarily interrupted by this dispute.  In addition, the value of depositions and discovery responses that had gone before were suddenly placed in doubt:  plaintiffs did not have the opportunity to question witnesses regarding the prior accusations and have yet to fully evaluate the truthfulness of those written and oral responses that they did receive.

Other conduct and omissions, though of less immediate relevance to the primary issues in this case, have made the Court doubt defendant's complete commitment to candor and highlighted the very real possibility that the integrity of the judicial process has been compromised.  Even after defendant's objections to certain discovery requests were overruled and it was ordered to produce documents, defendant took it upon itself to redact responsive information, presumably on an unstated and unapproved confidentiality basis.  These omissions made it difficult for plaintiffs to contact potential witnesses and/or rebut testimony presented during the arbitration.  The urgent presentation of hundreds of pages of phone records from October 7, 2007, to March 31, 2008, with the fallacious argument that they were "relevant to the EEOC and Ms. Rios's allegations that 'countless' offensive text messages from Minasse Ibrahim

ORDER IMPOSING SANCTIONS
AND STAYING CASE                                    -2-

constituted severe or pervasive sexual harassment" shows a disturbing lack of candor toward the tribunal, appears to have been nothing but an attempt to draw attention from plaintiffs' previously-filed motion to supplement the record, and further distracted plaintiffs as they were preparing for arbitration.  More troubling yet is the accumulation of evidence suggesting that Art Squires, the Renton Store Manager, did take notes during his investigation of Ms. Rios' sexual harassment claims, but that the notes, like the 2001 complaint documents, have been removed from the files where one would expect to find them.  Finally, the June 5, 2012, disclosure of a document containing allegations of sexual harassment against Mr. Squires, the person tasked with investigating Ms. Rios' complaint, suggests that additional surprises and revelations may yet be in store.

The Court has at its disposal an array of rules and powers with which to ameliorate the effects of defendant's destruction of evidence, discovery violations, and late disclosures. Rule 37(b), for example, applies to defendant's redaction of information and untimely productions after the Court had ordered disclosure.  Because discovery sanctions serve multiple purposes, ranging from coercion and compensation to deterrence and punishment (see, e.g., Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 n.10 (9th Cir. 1983)), the Court is authorized to, among other things, designate facts as established, prohibit the offending party from pursuing a defense, strike pleadings, and/or enter default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980) (quoting National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976)).

Section 1927 of Title 28 authorizes an award of costs, expenses and reasonable attorney's fees associated with defendant's bad faith submission of the cell phone records. Although the statute sets a very high threshold before a party will be required to reimburse its

ORDER IMPOSING SANCTIONS
AND STAYING CASE                         -3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

opponent for a portion of its attorney's fees, defendant's filing of its motion to supplement the record falls outside the acceptable realm of zealous advocacy, was frivolous and/or intended to harass, and unreasonably and vexatiously multiplied these proceedings.  One could also argue that § 1927 applies to defendant's overall discovery tactics, which made it extremely difficult for plaintiffs to pursue their claims and multiplied these proceedings unreasonably and vexatiously. Defendant's initial discovery responses consisted of little more than baseless, blanket objections which forced plaintiffs to file motions to compel and ultimately resulted in a slow trickle of responsive documents over the course of many months.  This conduct has impeded plaintiffs' efforts throughout this litigation, thereby significantly increasing the costs of prosecuting the action.

The Court has already found that defendant's unprincipled objections and negotiations to avoid disclosing the 2001 sexual harassment complaint against Mr. Ibrahim violated Local General Rule 3(d).  Such obstruction exposes defendant to attorney's fee awards and "such other sanctions as the court may deem appropriate."

Finally, district courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).  In certain respects, the inherent powers are "both broader and narrower than other means of imposing sanctions.  First, whereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses."  Chambers v. Nasco, Inc., 501 U.S. 32, 46 (1991).  Second, the imposition of sanctions under the inherent powers generally requires a finding of subjective bad faith or improper purpose.  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  Having reviewed the record in this matter and heard the arguments of counsel, the Court finds that defendant has interposed objections to discovery requests and filed at least one motion for improper purposes. The Court also finds that there is no good faith explanation for the failure to disclose the 2001 sexual harassment complaint or for the series of late disclosures regarding facts, issues, and the

identity of witnesses, many of which go to the heart of plaintiffs' claims.

The Court is once again left to determine whether to strike defendant's answer and enter default judgment against it. Defendant has deliberately engaged in deceptive practices that undermine the integrity and orderly administration of these proceedings. Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995). Dismissal is, however, a harsh sanction, and the Court must consider the following factors when determining whether a dispositive sanction is appropriate under either its inherent powers or Rule 37(b): (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket efficiently and effectively; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy in favor of considering cases on the merits; and (5) the availability of less drastic sanctions. Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

### (1) Expeditious Resolution of Litigation

Discovery in this matter closes on July 8, 2012. Because arbitration of the individual plaintiffs' claims occurred earlier this month, most discovery contemplated by the parties has already been completed. If dispositive sanctions are not awarded, discovery will have to be extended in order (a) to allow plaintiffs to depose the newly-disclosed complainants (Ms. Graves and Mr. Ibrahim) and their alleged harassers (Mr. Ibrahim and Mr. Squires), (b) to allow plaintiffs to investigate Mr. Ibrahim's assertion that Mr. Squires engaged in sexually harassing conduct, and (c) to review defendant's document retention, search, and disclosure activities throughout the course of this litigation. Given that the arbitration proceedings are now closed and the resolution of this case will have to be delayed in light of defendant's conduct, the first factor supports entry of dispositive sanctions.

### (2) Efficient and Effective Docket Management

Due in large part to defendant's tactics during discovery, this case has not proceeded efficiently. Since March 2011, when defendant objected to every one of plaintiffs'

ORDER IMPOSING SANCTIONS
AND STAYING CASE                    -5-

requests for production, the parties have been in a pitched discovery battle that has generated multiple motions and significant expenses. Worse yet, the effective administration of justice is in question in this case. Defendant's failure to disclose highly relevant information in response to plaintiffs' discovery requests casts doubt on its prior assertions of diligence, compliance, and good faith and raises concerns regarding the veracity of its current assurances. The second factor supports entry of dispositive sanctions.

### (3)  Risk of Prejudice to Plaintiffs

The risk of prejudice to plaintiffs is high, especially to the individual plaintiffs who were on the eve of (if not in the midst of) arbitration when defendant finally disclosed the 2001 sexual harassment complaint against Mr. Ibrahim and the allegation that Mr. Squires had repeatedly harassed subordinate female employees. With regards to this litigation, the risks could be ameliorated somewhat by reopening discovery and giving the EEOC an opportunity to follow up on the newly-disclosed information. As the EEOC pointed out, however, additional months of discovery come at a cost and the agency has fixed resources. Furthermore, there remains the nagging suspicion that the lately-discovered documents are only the tip of an iceberg of information that was destroyed or effectively removed from files earlier in this litigation. The third factor supports entry of dispositive sanctions.

### (4)  Public Policy Favoring Decisions on the Merits

The primary issues in this case are whether Mr. Rios was subjected to a hostile work environment and whether Mr. Lam was fired for complaining of sexual harassment on Ms. Rios' behalf. The public has an interest in a determination of those issues based on the facts, rather than by judicial fiat. While the public interest favoring decisions on the merits generally points away from dispositive sanctions, it is possible that defendant's destruction and failure to disclose evidence, both known and unknown, has reduced the chances that an accurate determination of the facts can ever be made. Nevertheless, the Court finds that this factor supports a denial of dispositive sanctions.

ORDER IMPOSING SANCTIONS
AND STAYING CASE                           -6-

**(5)  Availability of Less Drastic Sanctions**

There are a number of less drastic sanctions available to the Court, including excluding evidence, striking defenses, and/or awarding monetary sanctions.  The issue is whether such lesser sanctions or any combination thereof will allow plaintiffs to adequately prepare for trial and ameliorate the risk that defendant's conduct will interfere with the rightful decision of this case.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406,  (9th Cir. 1990).  In light of the breadth of the destruction/loss of documents, the clear relevance of much of the information that was belatedly disclosed, and the Court's inability to ascertain the scope of defendant's discovery violations, only a tiered and aggressive response has a chance of undoing the prejudice that plaintiffs have and, if left unchecked, will continue to suffer.

For all of the foregoing reasons, it is hereby ORDERED that:

(a)  Defendant's affirmative defenses related to (i) its efforts to prevent and correct harassment in the workplace, (ii) plaintiffs' failure to utilize protective and corrective opportunities provided by defendant, (iii) its good faith and/or privilege to act as it did in this case are STRICKEN.  The striking does not preclude plaintiffs from putting on evidence regarding the lack of protective and corrective policies or activities.

(b)  Documents related to other complaints or reports of sexual harassment involving Mr. Ibrahim or Mr. Squires – including Ms. Graves' 2001 complaint and Mr. Ibrahim's allegations against Mr. Squires – as well as testimony from the accusers themselves are presumptively admissible at trial.

(c)  Monetary sanctions in the amount of $100,000 will be awarded to offset the excess costs caused by defendant's discovery violations, to punish unacceptable behavior, and as a deterrent to future bad conduct.  Defendant shall, within seven days of the date of this Order, pay $25,000 to each of the plaintiffs (the EEOC, Mr. Lam, and Ms. Rios) through their attorneys and $25,000 to the Clerk of Court.

ORDER IMPOSING SANCTIONS
AND STAYING CASE                    -7-

(d)  The above-captioned matter is STAYED pending verification/certification of all previous discovery requests and appointment of a Special Master to  review defendant's document retention, search, and disclosure activities throughout the course of this litigation.  The parties shall, within twenty-eight days of the date of this Order, confer and submit the resumes of three qualified individuals who are able and willing to serve as a Special Master in this matter. The Court will appoint one of the nominated individuals as a Special Master who will be tasked with (i) meeting with the undersigned, (ii) reviewing any and all of defendant's records as they are kept in the normal course of business at the Home Office and the Renton store, plaintiffs' various discovery requests, and the timing and scope of defendant's responses and subsequent disclosures, and (iii) preparing a report for the Court.  The Special Master shall be subject to the Protective Order entered in this matter.  Dkt. # 82.  Defendant shall give the Special Master access to any and all employees, agents, managers, and officers, as well as former employees, agents, managers, and officers to the greatest extent possible.  Defendant shall cooperate in all respects with the Special Master's investigation.  The Special Master shall have two months in which to conduct the above-described review and report to the Court regarding any as-of-yet undiscovered discovery violations.  All costs and expenses incurred by the Special Master as well as a reasonable hourly rate shall be paid by defendant.

         Dated this 3rd day of July, 2012.

         Robert S. Lasnik
         United States District Judge

ORDER IMPOSING SANCTIONS
AND STAYING CASE                    -8-